UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

YVONNE GARTH,  CIV. No. 14-1022 (PAM/JSM)

    Plaintiff,  REPORT AND RECOMMENDATION

v.

CAROLYN COLVIN, Acting
Commissioner of Social Security,

    Defendant.

The above matter came before the undersigned on Defendant's Motion to Dismiss for Lack of Prosecution. [Docket No. 11]. Plaintiff is pro se. Ana H. Voss, Esq. and Pamela Marentette, Esq. represent the Commissioner. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to U.S.C. § 636(b)(1)(A), (B), Local Rule 72.1(c).

For the reasons discussed below, it is recommended that Defendant's Motion to Dismiss for Lack of Prosecution [Docket No. 11] be granted and this matter be dismissed with prejudice.

**I.  PROCEDURAL BACKGROUND**

Plaintiff Yvonne Garth commenced this action on April 9, 2014 through the filing of Complaint against the Commissioner. [Docket No. 1]. Garth's Complaint sought judicial review of the Commissioner's decision denying her application for Social Security disability benefits. Id. Garth applied for In Forma Pauperis status, which this Court granted on April 11, 2014. [Docket Nos. 2, 4]. The Clerk of Court issued a summons on April 11, 2014, which was returned executed on May 9, 2014. [Docket Nos. 5, 7].

The Commissioner filed her Answer and the certified administrative record on June 17, 2014. [Docket No. 8]. Pursuant to D. Minn. L.R. 7.2(b)(1), Garth's summary judgment motion was due sixty days later, on August 16, 2014. Because August 16 was a Saturday, her motion was due on August 19, 2014. Garth did not file her motion.

On September 3, 2014, the Commissioner's attorney wrote to Garth, asking her to either file a motion to extend the time for filing her summary judgment motion, or to serve the motion. Declaration of Ana H. Voss ("Voss Decl."), ¶ 5; Ex. A (letter to Garth from Assistant United States Attorney Anne Bildtsen dated September 3, 2014) [Docket Nos. 13, 13-1]. Counsel notified Garth that if she failed to do so within ten days, the Commissioner would move for dismissal pursuant to Fed. R. Civ. P. 41(b). Id. Garth did not file her motion for summary judgment or move for an extension of time. Consequently, on September 17, 2014, the Commissioner moved for dismissal with prejudice for lack of prosecution and failure to comply with the local rules governing Social Security matters. Defendant's Motion to Dismiss [Docket No. 11]; Defendant's Memorandum of Law in Support of Motion to Dismiss ("Def.'s Mem.") [Docket No. 12]; Voss Decl.

The Commissioner contended that dismissal was appropriate because Garth did not fulfill her duty to diligently pursue her case under Fed. R. Civ. P. 41(b). Def.'s Mem., p. 2. The Rule provides that dismissal is appropriate if a plaintiff fails to prosecute her case. See Fed. R. Civ. P. 41(b)(1). Id. Specifically, the Commissioner pointed to Garth's failure to meet deadlines as to her summary judgment motion notwithstanding courtesy reminders and deadline extensions by the United States as sufficient to warrant dismissal. Id., pp. 1-2.

2

Subsequent to the Commissioner's motion to dismiss, this Court issued an Order on September 18, 2014, requiring Garth to serve and file her response to the motion on or before October 9, 2014.  Order, ¶1.  [Docket No. 15].  The Commissioner was ordered to serve and file a reply to Garth's response on or before October 16, 2014.  Id. at ¶ 2.  Garth failed to comply with this Order.

## II.    DISCUSSION

Federal Rule of Civil Procedure 41(b) states, in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

The court has the authority to dismiss a case with prejudice where plaintiff fails to prosecute her case.  Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962).  A plaintiff's failure to prosecute is sufficient to warrant such a dismissal where they acted "intentionally[,] as opposed to accidentally or involuntarily."  See Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 722 (8th Cir. 2010) (citing Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000)).  A Rule 41(b) dismissal is the proper remedy where the plaintiff has exhibited "a pattern of intentional delay."  Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (citing Garrison v. International Paper Co., 714 F.2d 757, 760 (8th Cir. 1971)).  A plaintiff need not have acted in "bad faith" in failing to prosecute his or her case.  Arnold, 627 F.3d at 722.

Dismissal with prejudice has been described as an "extreme sanction."  Hunt, 203 F.3d at 527.  However, this remedy is proper when a court has "weigh[ed] its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim."  Id. (citing Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256,

3

1260 (8th Cir. 1997)). It is advised that, before resorting to a dismissal with prejudice, courts should consider the effect of a less severe sanction on the delaying party. See Smith v. Gold Dust Casino, 526 F.3d 402, 406 (8th Cir. 2008). Though advising a delaying party of the detrimental effect of its conduct is encouraged, "this circuit has yet to hold that such an admonition is necessary to sustain a Rule 41(b) dismissal." Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1221 (8th Cir. 1998).

Due to the ultimate nature of a Rule 41(b) dismissal, courts have found that such dismissals are improper where transgressions against court rules and deadlines are not egregious. See, e.g., Smith, 526 F.3d 402 (reversing a Rule 41(b) dismissal where plaintiff's failure to meet discovery deadlines was not the result of "flagrant[] disregard" for court rules, but rather that of a physical incapacity to comply with rules); Givens v. A.H. Roberts Co., 751 F.2d 261 (8th Cir. 1984) (reversing a Rule 41(b) dismissal based on plaintiff's counsel's failure to begin discovery at a time contemplated by the court, and subsequent failure to meet the deadline after the court refused a deadline extension). However, in cases where delay is persistent, Rule 41(b) dismissals have consistently been found appropriate. See, e.g., Young v. Broaddus, 555 Fed. Appx. 638 (8th Cir. 2014) (affirming a Rule 41(b) dismissal where the plaintiff failed to meet a court deadline or request a deadline extension); Hutchins, 116 F.3d 1256 (affirming a Rule 41(b) dismissal where plaintiff delayed progress in his case by refusing to cooperate with court orders and court rules without justification). This Court has previously found a plaintiff's failure to comply with an Order directing him to respond to the Commissioner's motion to dismiss in a Social Security matter sufficient to warrant a Rule 41(b) dismissal. See Grant v. Astrue, No. 09-2818 (DWF/JSM), 2010 WL 3023915

4


(D. Minn. July 13, 2010), 2010 WL 3023661 (D. Minn. Aug. 2, 2010) (adopting Report and Recommendation).

In this case, the Court has concluded that Garth has intentionally failed to prosecute her case and has caused undue delay as a result of her actions. After Garth failed to timely serve her summary judgment motion within the time provided by D. Minn. L.R. 7.2(b)(1), the United States provided a courtesy reminder to Garth of her obligations. This Court took the extra step of ordering Garth to respond to the Commissioner's Motion to Dismiss. The Commissioner's letter to Garth and this Court's Order were served on Garth at her St. Paul, Minnesota address – the address Garth provided at the outset of her lawsuit, and the only address the Court has ever had on file.

Garth's delays have been persistent and without explanation. As of the date of this Order, Garth has not filed or served her summary judgment motion nor has she requested additional time to file and serve the same. Additionally, Garth is in violation of this Court's Order of September 18, 2014. There has been no communication to this Court from Garth. Given these facts, it is clear that Garth has abandoned her lawsuit and dismissal with prejudice is appropriate. Finally, and significantly, because the refiling of the complaint would not be within the time limits for seeking judicial review of the Commissioner's denial of benefits, see 42 U.S.C. § 405(g), there is no practical difference is dismissing with or without prejudice. The point is that Garth's dilatory conduct warrants dismissal with prejudice under Fed. R. Civ. P. 41(b).

### III.   RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED THAT**:

Defendant's Motion to Dismiss [Docket No. 11] be **GRANTED**; and this matter be be dismissed with prejudice.

Dated: February 24, 2015

*Janie S. Mayeron*
JANIE S. MAYERON
United State Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 10, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.